UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEIF HANSON,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE,<br><br>                Defendant. | CASE NO. C11-6038BHS<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS |

      This matter comes before the Court on Plaintiff Leif Hanson's ("Hanson") motion to proceed in forma pauperis (Dkt. 1). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

      On December 21, 2011, Hanson filed a motion to proceed in forma pauperis and a proposed complaint. Dkt. 1. Hanson seeks a ruling that the "Washington State Department of Early Learning licensing requirement" that prevents sex discrimination in hiring is unconstitutional because it violates Hanson's First Amendment right to the free exercise of religion. *Id*.

      The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from

ORDER - 1

the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).

In this case, the Court is not persuaded that Hanson should be allowed to proceed in forma pauperis. First, Hanson alleges that he is a small business owner and that the licensing requirement interferes with his right to hire employees. Hanson, however, has failed to disclose on his application any income in relation to this business. Second, Hanson's proposed complaint appears to be without merit because anti-discrimination laws governing employment are a well settled aspect of Washington and federal law. Therefore, the Court denies Hanson's motion to proceed in forma pauperis. Hanson must pay the filing fee for this action no later than March 6, 2012 or this case will be dismissed. Hanson is hereby advised that, even if he pays the filing fee, his complaint may be dismissed as frivolous.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge